**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| RODNEY WARREN and ALMESHA WARREN,<br><br>      Plaintiffs,<br><br>v.<br><br>CITIMORTGAGE, INC., OCWEN LOAN SERVICING, LLC, and ALTISOURCE RESIDENTIAL, LP<br><br>      Defendants. | Civil Action File No.<br>1:15-cv-04175-MHC-LTW |

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT

COME NOW Defendants' Ocwen Loan Servicing, LLC ("Ocwen") and Altisource Residential, LP ("Altisource") (collectively the "Defendants"), by and through their undersigned counsel, and show this Honorable Court that Plaintiffs' Rodney and Almesha Warren's ("Plaintiffs") Complaint should be dismissed pursuant to O.C.G.A. § 9-11-12(b), as follows:

## INTRODUCTION

Plaintiffs filed the present lawsuit in an attempt to re-litigate claims and issues that have already been dismissed with prejudice by the Superior Court of Fayette County, and affirmed by the Georgia Court of Appeals.  As a result,

Plaintiffs' lawsuit is barred by *res judicata* and doctrine of collateral estoppel, and should be dismissed at the outset.  Moreover, Plaintiffs' claims fail to state a claim upon which relief can be granted and should be dismissed pursuant Fed. R. Civ. P. 12(b)(6).  Accordingly, for these reasons which will be discussed in full detail below, the Defendants respectfully request that this Court deny Plaintiffs' Application for Leave to Proceed in Forma Pauperis [ECF #1] because it is moot or, in the alternative, grant Defendants' Motion to Dismiss.

## STATEMENT OF FACTS

On April 22, 2005, Plaintiffs borrowed $285,000.00 (the "Loan") from One Source Mortgage, LLC ("One Source").  To secure repayment of the Loan, Plaintiffs executed and delivered to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for One Source, a security deed (the "Security Deed") conveying legal title and power to sell the real property located at 350 Dominique Court, Riverdale, Georgia 30296 (the "Property"), in the event of their uncured default.  The Security Deed is recorded in Book 2755, Pages 716-739, Fayette County, Georgia Records and is attached hereto as **Exhibit "A."**[1]

---

[1]  A document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment if the attached document is: 1) central to the plaintiff's claim, and 2) undisputed.  *See, e.g.* Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (explaining that "undisputed" in this context means the authenticity of the document is not challenged).  Furthermore,

On September 28, 2012, MERS assigned the Security Deed to CitiMortgage, Inc. ("CitiMortgage") by the Assignment of Security Deed (the "First Assignment") recorded in Deed Book 3954, Page 351, Fayette County, Georgia Records a true and correct copy of which is attached hereto as **Exhibit "B."**  On January 11, 2013, CitiMortgage assigned (the "Second Assignment") the Security Deed to Ocwen by the Assignment of Security Deed recorded in Deed Book 4003, Page 365, Fayette County, Georgia Records, a true and correct copy of which is attached hereto as **Exhibit "C".**  Finally, on April 29, 2013, Ocwen assigned (the "Third Assignment") to Altisource by Assignment of Deed to Secure Debt recorded in Deed Book 4056, Page 399, Fayette County, Georgia Records, a true and correct copy of which is attached hereto as **Exhibit "D."**

Plaintiffs eventually defaulted in the repayment of the Loan.  As a result, Ocwen as attorney in fact for Altisource sold the Property at a September 3, 2013, non-judicial foreclosed sale.  The Deed Under Power evidencing the sale is recorded in Deed Book 4380, Page 46-57, Fayette County, Georgia Records, a true and correct copy of which is attached hereto as **Exhibit "E."**  Altisource was the purchaser of the Property at the foreclosure sale.  Id.

---

the court may take judicial notice of public records and thus may consider such records on a motion to dismiss.  *See, e.g.* Universal Express, Inc. v. S.E.C., 177 Fed. Appx. 52, 53-54 (11th Cir. 2006).

On or about October 2, 2013, Plaintiffs filed a Complaint for Wrongful Foreclosure (the "Fayette Lawsuit").  The Fayette Lawsuit was styled *Rodney V. Warren & Almesha V. Warren 350 Dominique Ct. Fayetteville, GA 30212 v. Citimortgage, Ocwen Loan Servicing, LLC,  C/O Richard B. Maner, P.C., 5775 Glenridge Drive, Building "D", Suite 100, Atlanta Georgia, 30328,* Fayette County Superior Court, File No. 2013-V-0919.  A true and correct copy of the Complaint for Wrongful Foreclosure is attached hereto as **Exhibit "F."**  On January 15, 2014, the Fayette County Superior Court entered a final order granting Ocwen's Motion to Dismiss and dismissing Plaintiffs' claims with prejudice.  A true and correct copy of the Order Granting Defendants' Motion to Dismiss is attached hereto as **Exhibit "G."**  Plaintiffs appealed the Order to the Georgia Court of Appeals.  On June 10, 2015, the Georgia Court of Appeals affirmed Final Order.  A true and correct copy of the Georgia Court of Appeal's Order is attached hereto as **Exhibit "H."**

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the court must accept the plaintiff's allegations as true and construe the complaint in the plaintiff's favor.

4

Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993). "Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief.'"  Broner v. Wash. Mut. Bank, FA, 258 Fed. App'x. 254, 256 (11th Cir. 2007) (*per curiam*) (unpublished) (*quoting* Fed. R. Civ. P. 8(a)(2)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [their] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal marks and citations omitted).  To survive a motion to dismiss, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id. at 555 (*quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level," Id., as the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (*citing*

<u>Twombly</u>, 550 US. at 556).  The Supreme Court in <u>Iqbal</u> held:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

556 U.S. at 678-79 (internal marks and citations omitted).

## <u>ARGUMENT AND CITATION OF AUTHORITY</u>

## I.    PLAINTIFFS' COMPLAINT AGAINST THE DEFENDANTS IS BARRED BY THE DOCTRINE OF *RES JUDICATA*.

"A judgment of a court of competent jurisdiction shall be conclusive

between the same parties and their privies as to all matters put in issue or which

under the rules of law might have been put in issue in the cause wherein the

judgment was rendered until the judgment is reversed or set aside." <u>Neely v. City</u>

<u>of Riverdale</u>, 298 Ga. App. 884, 886, 681 S.E.2d 677 (2009)(*emphasis added*).

Generally, federal courts apply the law of the state in which they sit with respect to

the doctrine of *res judicata*.  <u>See</u> <u>N.A.A.C.P. v. Hunt</u>, 891 F.2d 1555, 1560 (11th

Cir. 1990). "Under Georgia law, the fundamental elements of *res judicata*, codified at O.C.G.A. § 9-12-40, are: (1) the parties are identical; (2) the causes of action are identical; and, (3) the prior adjudication was made on the merits by a court of competent jurisdiction. QOS Networks Ltd. v. Warburg, Pincus & Co., 294 Ga. App. 528, 531, 669 S.E.2d 536 (2008)(citing O.C.G.A. § 9-12-40); see also Waggaman v. Franklin Life Ins. Co., 265 Ga. 565, 566, 458 S.E.2d 826 (1995) ("A prior action may bar a subsequent action under the doctrine of *res judicata* if the prior action resulted in adjudication by a court of competent jurisdiction and the two actions have an identity of parties and subject matter.").

*Res judicata* clearly applies here and therefore Plaintiffs' claims are barred. First, there is identity of parties, as Plaintiffs and Ocwen were parties to the Fayette Lawsuit and Altisource was in privity to Ocwen.  See Brown & Williamson Tobacco Corp. v. Gault, 280 Ga. 420, 421, 627 S.E.2d 549 (2006) ("A privy is generally defined as one who is […] in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right.").

Second, the "subject matter" of the Fayette Lawsuit is identical to the present suit at hand.  Specifically, both of Plaintiffs' Complaints raise claims for breach of contract, wrongful foreclosure.  Compare (Compl. *generally*) with Ex. "J,"

*generally.*   In fact, Plaintiffs' Complaint concedes that "Plaintiffs made the argument in a State court proceeding that they had not received notice of foreclosure from OCWEN". (Compl. ¶3.)  Additionally, any alleged new claims, including the claim for breach of good faith and fair dealing and the equal protection claim, is barred because those claims could have been brought in Fayette Lawsuit and were not.  See QOS Networks Ltd. v. Warburg, Pincus & Co., 294 Ga.App. 528, 541, 669 S.E.2d 536 (2008) ("*[R]es judicata* bars subsequent actions as to all matters put in issue or which could have been put in issue.  In other words, one must assert all claims for relief concerning the same subject matter in one lawsuit and any claims for relief concerning that same subject matter which are not raised will be *res judicata*."); see also Neely, 298 Ga. App. at 887, 681 S.E.2d 677  ("The doctrine of *res judicata* ... prevents re-litigation of matters that were or could have been litigated in a previously-adjudicated action."). This is especially true since the events underlying the matter before this Court existed when Plaintiffs filed and the trial and appellate courts adjudicated the claims in the Fayette lawsuit.

On the third element, the Georgia Supreme Court has held that the sustaining of a motion to dismiss for failure to state a claim is *res judicata* on the merits of the claim. See  Dillingham v. Doctor's Clinic, P.A., 236 Ga. 302, 302, 223 S.E.2d 625

(1976); see also N.A.A.C.P. v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990). Here, the Order in the Fayette Lawsuit granted Ocwen's Motion to Dismiss specifically with prejudice and, therefore, the Final Order was an adjudication on the merits. Furthermore, the decision has been affirmed by the Georgia Court of Appeals.

Accordingly, Plaintiffs' entire suit and all claims alleged herein are barred by *res judicata* and must be dismissed with prejudice, again. See Hutcheson, 205 Ga. App. at 206.

## II.   PLAINTIFFS' COMPLAINT IS BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL.

Plaintiffs' present lawsuit is similarly barred by the doctrine of Collateral Estoppel.  "Collateral estoppel precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies." In re T.M.G., 275 Ga. 543, 544, 570 S.E.2d 327 (2002).  "Like *res judicata*, collateral estoppel requires the identity of the parties or their privies in both actions.  However, unlike *res judicata*, collateral estoppel does not require identity of the claim -- so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim." Waldroup v. Greene County Hosp. Authority, 265 Ga. 864, 867, 463 S.E.2d 5 (1995).

Here, Plaintiffs' present Complaint is based on the purported failure to modify the Loan, the foreclosure notices, and the foreclosure itself.  (Compl. generally.)  However, each of these issues were either raised or should have been raised in the Fayette Lawsuit.  <u>See</u> Ex. "F;" <u>see</u> <u>also</u> O.C.G.A. § 9-12-40 ("a judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue . . . .".)  Accordingly, the issues raised by Plaintiffs in the instant suit have been conclusively established in favor of the Defendants, and Plaintiffs' claims are barred under the doctrine of collateral estoppel.

## III.   <u>PLAINTIFFS FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST THE DEFENDANTS.</u>

### A.   **Plaintiffs' Breach Of Contract And Wrongful Foreclosure Claim Fail.**

Plaintiffs first claim is for breach of contract based on the alleged issue that the Defendants failed to modify the Loan under the Home Affordable Modification Program (HAMP).  Under Georgia law, to establish a claim for breach of contract a plaintiff must show: (1) a valid contract; (2) material breach of its terms; and, (3) damages arising from that breach.  <u>See</u> <u>Budget Rent-A-Care of Atlanta, Inc. v.</u>

Webb, 469 S.E.2d 712, 713 (Ga. Ct. App. 1996).  Here, Plaintiffs cannot establish the required elements of breach of contract.

Critically, Plaintiffs' breach of contract claim is not based on a contractual duty.  Generally, the Defendants were not under any contractual obligation to modify the Loan.  See Ceasar v. Wells Fargo Bank, N.A., 322 Ga. App 529, 533 (2013) (holding plaintiffs failed to allege a cognizable statutory or common law legal duty because the "[lender] had no duty to modify [the plaintiff's] loan or [s]ecurity [d]eed"); see also O.C.G.A. § 44-14-162.2(a)(" Nothing in this subsection shall be construed to require a secured creditor to negotiate, amend, or modify the terms of a mortgage instrument.").  Moreover, HAMP provides for no private right of action, express or implied, under HAMP.  See Miller v. Chase Home Fin., LLC, 677 F.3d 1113, 1116 (11th Cir. 2012); see also Nelson v. Bank of Am., N.A., 446 F. App'x 158, 159 (11th Cir. 2011)(stating that nothing express or implied in HAMP gives borrowers a private right of action)(citing Thompson v. Thompson, 484 U.S. 174, 179, 108 S.Ct. 513, 516 (1988)); Anderson v. Deutsche Bank Nat'l Trust Co., No. 1:11–cv–4091–TWT–ECS, 2012 WL 3756512, *4 (N.D. Ga. Aug. 6, 2012).  As a result, Plaintiffs cannot demonstrate that the Defendants violated any contractual provision and their claim should be dismissed.

Moreover, Plaintiffs have not stated any resultant damages from the alleged breach of contract.  The only "damage" alleged is the foreclosure, which was caused by Plaintiffs' undisputed and uncured default, not the actions of the Defendants.  See Rourk v. Bank of Am., N.A., 587 F. App'x 597 (11th Cir. 2014) (mortgagor's failure to make loan payments "is fatal to her claim for breach of contract and wrongful foreclosure, as her 'alleged injury was solely attributable to her own acts or omissions.'") (quoting Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842, 845 (Ga. Ct. App. 2004)).  Accordingly, Plaintiffs have not stated a breach of contract claim.

### B.    Plaintiffs' Claim For Breach of Good Faith And Fair Dealing Fails.

Plaintiffs' claim for breach of good faith and fair dealing must be dismissed at the outset.  "There is no independent cause of action for violation of the covenant apart from breach of an express term of the contract." Onbrand Media v. Codex Consulting, Inc., 301 Ga. App. 141, 687 S.E.2d 168, (Ga. App., 2009) (citing Morrell v. Wellstar Health System, 280 Ga.App. 1, 5(2), 633 S.E.2d 68 (2006)).  Here, for the reasons stated above, Plaintiffs have not successfully asserted a claim for breach of contract claim against the Defendants.  See Mayhew v. Branch Banking and Trust Co., No. 2:14-CV-00091-RWS, 2014 WL 6769343, at *13 (N.D. Ga. Dec. 1, 2014) (dismissing breach of the covenant of good faith

and fair dealing because the plaintiff did not direct the court to a contractual provision the bank violated); <u>Granville Alley v. Farmers Bank, Inc.</u>, No. 3:13-CV-146 (CAR), 2014 WL 4287103, at *8 (M.D. Ga. Aug. 29, 2014) (dismissing breach of the covenant of good faith and fair dealing because plaintiffs did not allege that the bank breached any explicit term in the contracts).

Accordingly, Plaintiffs' claim for breach of good faith and fair dealing should be dismissed.

### C.   Plaintiffs Have Not Stated A Claim Under O.C.G.A. § 44-14-162.2.

"Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." <u>Degolyer v. Green Tree Servicing, LLC</u>, 291 Ga. App. 444, 448, (2008) (*citing* <u>Heritage</u>, 268 Ga. App. at 371.)  Plaintiffs' wrongful foreclosure claim is based on the allegation that they did not receive a proper notice of foreclosure.  (Compl. p.13.)  As an initial matter, despite Plaintiffs' augment to the contrary, this claim is barred by the doctrine of *res judicata* and/or collateral estoppel because even if the Fayette County Court did not hear the specific claim because it existed at that time and could have been put in issue.  <u>See</u> <u>QOS</u>, 294 Ga.App. at 541.; <u>see</u> <u>also</u> O.C.G.A. § 9-12-40.  Therefore, Plaintiffs' admission that

13

"Plaintiffs made the argument in a State court proceeding that they had not received notice of foreclosure from Ocwen" requires the immediate dismissal of this claim.  (Compl. p.5.)

Even if Plaintiffs were successful in bring a new claim, it would have no merit.  Critically, under Georgia law the actual receipt of the notice is irrelevant and cannot be the basis for a wrongful foreclosure claim.  See McCollum v. Pope, 201 Ga. 835, 411 S.E.2d 874 (1992).

Next, Plaintiffs do not allege what they would have done differently if they had received the notice of foreclosure.  See Chen v. Wells Fargo Bank, N.A., Civ. Act. No. 1:13-CV-3037-TWT, 2014 U.S. Dist. LEXIS 25569, *4-6 (N.D. Ga. Feb. 27, 2014)("The Plaintiff has failed to allege "how the end result would have been different" if she had received a statutorily sufficient notice of foreclosure.").  This lack of causal connection is fatal to any tort cause of action. "Failure to make proper loan payments or tender the amount due defeats any wrongful foreclosure claim…." White v. Bank of America, N.A., 2013 WL 1963786, *3 fn. 11 (N.D. Ga. May 10, 2013) see also Howard v. Mortgage Electronic Registration Systems, Inc., 2012 WL 3582586, at *6 (N.D. Ga. Aug. 17, 2012) (holding that plaintiff's claim for wrongful foreclosure failed because plaintiff defaulted on his own mortgage and "thus cannot show causation because any alleged injury was

14

attributable to his own actions.").  Plaintiffs' failure to satisfy the Loan defeats their wrongful foreclosure claims.

Finally, it should be noted that O.C.G.A. § 44-14-160 does require a Deed Under Power to be recorded within 90 days of the foreclosure sale.  However, at the time of the foreclosure in the case at bar, the statute did not provide any penalty.  Moreover, Plaintiffs cannot demonstrate any damage related to any delay in recording the Deed Under Power.

Accordingly, Plaintiffs' wrongful foreclosure claims fail as a matter of law.

**D.    Plaintiffs' Vague Constitutional Claim Fail As A Matter Of Law.**

The Supreme Court of Georgia has held and affirmed that "O.C.G.A. § 44-14-161 did not violate equal protection or due process because there was insufficient state action in the Georgia foreclosure procedure." Alliance Partners v. Harris Trust & Sav. Bank, 266 Ga. 514, 515, 467 S.E.2d 531, (1996) (citing Coffey Enterprises Realty & Development Co., Inc. v. Holmes, 233 Ga. 937, 939 213 S.E.2d 882 (1975).  In addition, the Supreme Court of Georgia has also held that, "[t]here is no state action involved in OCGA § 44-14-162.2.  The statute merely provides the mechanism for giving notice to the debtor, as defined in OCGA § 44-14-162.1, of the foreclosure under power of sale." Parks v. Bank of New York, 614 S.E.2d 63, 64, 279 Ga. 418 (2005).  Additionally, in signing the Waiver of

Borrower's Rights in the Security Deed, Plaintiffs contractually waived any and all rights they might have had under due process.  <u>See</u> Ex. 1.  Accordingly, Plaintiffs' constitutional claims must fail because the Defendants' non-judicial foreclosure cannot provide the basis for a due process claim.

## IV.   PLAINTIFFS   ARE   NOT   ENTITLED   TO   RESCIND   THE FORECLOSURE SALE     BECAUSE   THEY   LACK   CLEAN HANDS.

Included in Plaintiffs' prayer for relief is a request to set aside the foreclosure sale.  (Compl., Prayer for Relief).  This request constitutes a request for equitable relief.  *See, e.g.*, <u>Hill v. Filsoof</u>, 274 Ga. App. 474, 475 (2005); <u>Peacock v. Nat'l Bank & Trust Co. of Columbus</u>, 241 Ga. 280, 280 (1978) (noting that complaints seeking to void a foreclosure sale is an action in equity); <u>Hawkins v. Pierotti</u>, 232 Ga. 631, 631 (1974)(same); <u>Harpe v. Stone</u>, 212 Ga. 341, 341 (1956)(referring to the granting of a request to set aside a foreclosure sale as a form of equitable relief); <u>English v. Little</u>, 164 Ga. 805, 139 S.E. 678, 680 (1910) (holding that complaints seeking cancellation of contracts are "proper subjects of equitable cognizance").   However, Plaintiffs are not entitled to such equitable relief because they have not tendered the amounts owed under the Security Deed.

> 'Before one who has given a deed to secure his debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed, and injunction to prevent interference with the debtor's possession of the property conveyed by the deed, he must pay or

tender to the creditor the amount of principal and interest due.' The
tender cannot be conditioned on the cancellation of a lien. Neither
fraud nor poverty constitute an equitable excuse for failure to tender.

Filsoof, 274 Ga. App. at 475-76 *quoting* Coile v. Finance Co. of America, 221 Ga.

584, 585 (1965).

> O.C.G.A. § 23-1-10 provides that 'he who would have equity must do
> equity.' This maxim has been described as a favorite maxim of equity,
> as well as one of its oldest, and it applies to all types of cases.
> Pursuant to O.C.G.A. § 23-1-10, 'it has frequently been held that a
> plaintiff cannot come into equity without first paying or tendering any
> amount admitted to be due,' and that 'equity will not decree the
> cancellation of an instrument where anything of value has been
> received until repayment is either made or tendered, or the defendant
> has stated that, should a tender be made, it would be refused.' Thus,
> this Court has held that a plaintiff may not use equity to obtain the
> cancellation of a security deed or promissory note if the plaintiff has
> not paid the note or tendered payment of the note.

Taylor, Bean, & Whitaker Mortg. Corp. v. Brown, 276 Ga. 848, 849-850 (2003)

(citations omitted); *see also* O.C.G.A. § 44-14-60.  "O.C.G.A. § 23-1-10 puts an

affirmative obligation on a plaintiff to do equity before she may seek equitable

relief such as cancellation of a security deed."  Taylor, Bean, 276 Ga. at 850; *see*

*also* Dimmick v. Pullen, 224 Ga. 452 (1968).  When a complaint does not allege

that the required repayment or tender has been made, the complaint fails to state a

cause of action. *See* Wilson v. McAteer, 206 Ga. 835 (1950).

Here, Plaintiffs do not dispute that they received a mortgage loan and, to

17

secure repayment of that loan, signed a Security Deed.  (Compl. p.4.)  Plaintiffs do not allege the debt has been repaid or that they have tendered any payment in satisfaction of this debt.  Therefore, Plaintiffs' hands are unclean.  See O.C.G.A. § 23-1-10 ("One who seeks equity must do equity,").  Consequently, their sole request for relief must be denied.

## CONCLUSION

Plaintiffs' claims are barred in their entirety by the doctrine of *res judicata* and/or collateral estoppel because Plaintiffs have sued the Defendants and/or their privies for claims arising from this exact same transaction in the previous lawsuit. This fact alone requires the dismissal of Plaintiffs' claims.  Even if Plaintiff's claims were not barred, Plaintiffs' allegations fail to state valid claims against the Defendants, and Plaintiffs are simply not entitled to equitable relief.  Accordingly, the Defendants respectfully requests that this Court deny Plaintiffs' Application for Leave to Proceed in Forma Pauperis [ECF #1] as moot or, in the alternative, grant Defendants' Motion to Dismiss.

[Signature on Following Page]

Respectfully submitted, this 2nd day of March, 2016.

**BAKER DONELSON BEARMAN,**
**CALDWELL & BERKOWITZ, P.C.**

By: /s/ Daniel P. Moore
Teresa L. Bailey
Georgia Bar No. 572516
Daniel P. Moore
Georgia Bar No. 940480
*Counsel for Ocwen Loan Servicing, LLC*
*and Altisource Residential, LP*

Monarch Plaza, Suite 1600
3414 Peachtree Road
Atlanta, Georgia  30326
Phone: (404) 587-3400
Fax: (404) 238-9720
tbailey@bakerdonelson.com
dmoore@bakerdonelson.com

## <u>CERTIFICATION OF FONT</u>

I hereby certify that the foregoing document has been prepared in 14-point

Times New Roman font and complies with Local Rule 5.1(C), NDGa.

This 2nd day of March, 2016.


**BAKER, DONELSON, BEARMAN,**   /s/ Daniel P. Moore

**CALDWELL & BERKOWITZ, PC**   Teresa L. Bailey

Suite 1600, Monarch Plaza   Georgia Bar No. 572516

3414 Peachtree Rd. NE   Daniel P. Moore

Atlanta, Georgia 30326   Georgia Bar No. 940480

Ph. 404-577-6000   *Counsel for Ocwen Loan Servicing, LLC*

Facsimile: (404) 221-6501

tbailey@bakerdonelson.com

ahanna@bakerdonelson.com

## CERTIFICATE OF SERVICE

This will certify service of a copy of the foregoing **DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT** via the CM/ECF online filing system with the U.S. District Court for the Northern District of Georgia, which will automatically send email notification to all counsel of record.  Additionally, a service of a copy of the foregoing will be sent via United States Postal Service to the following:

Rodney Warren, *Pro Se*
Almesha Warren, *Pro Se*
350 Dominque Court
Fayetteville, GA 30214

This 2nd day of March, 2016.


By: /s/ Daniel P. Moore
Teresa L. Bailey
Georgia Bar No. 572516
Daniel P. Moore
Georgia Bar No. 940480
*Counsel for Ocwen Loan Servicing, LLC and Altisource Residential, LP*


Monarch Plaza, Suite 1600
3414 Peachtree Road
Atlanta, Georgia  30326
Phone: (404) 587-3400
Fax: (404) 238-9720
tbailey@bakerdonelson.com
ahanna@bakerdonelson.com